BANK OF AUGUSTA *v.* SAMUEL JAUDON, JR.

Irregularities in the proceedings in attachment, anterior to judgment, except an entire want of citation, must be corrected by some direct proceeding before the court in which the attachment issued, or by appeal: they cannot be drawn into question collaterally.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Thomas Hunton*, and *Moïse & W. M. Randolph*, for plaintiff. *E. L. Goold*, for defendant. *Lamb* and *George Eustis, Jr.*, for *Sturtevant & Co.*, one of the attaching creditors and appellant.

SLIDELL, C. J. The Bank of Augusta and *L. Sturtevant* were both attaching creditors of defendants, and the present controversy arises on a rule taken by the Bank of Augusta on *Sturtevant, & Co.*, to show cause why the bank should not be paid by preference out of the property attached.

The defendants in rule allege, that they should have the preference, on two grounds: First, because, they say, the attachment in their case was served before that of the Bank of Augusta; and, secondly, because the agent who made the affidavit and signed the attachment bond in the bank's case, had no authority to do so.

The first ground involves merely a question of fact, which was decided by the district judge in favor of the plaintiff. An examination of the evidence has not satisfied us that his conclusion was erroneous.

As to the second ground, there is no evidence to establish or impeach the authority of the agent, and the plaintiff relies upon the ruling in *Gibson* v. *Foster*, 2 An. 507, where it was held that in cases of attachment, irregularities in the proceedings anterior to the judgment, except an entire want of citation, are to be corrected by some direct proceeding before the same court to set them aside, or by appeal; and that their validity cannot be drawn into question collaterally. We think that authority conclusive in the present case; and that the plaintiff could rest on his judgment maintaining the attachment, and was not required to prove the agency.

Judgment affirmed, with costs.